# UNITED STATES DISTRICT COURT
## DISTRICT OF CONNECTICUT

LYNN COOKE ANDREWS, *et al.*,
       *Plaintiffs*,

       v.

TOWN OF WALLINGFORD, *et al.*,
       *Defendants*.

No. 3:16-cv-01232 (JAM)

## RULING ON MOTION FOR JUDGMENT ON THE PLEADINGS

Cities and towns across America routinely bring enforcement actions against landowners who violate local land-use laws. That's what happened in this case—plaintiffs built a pond to use for their farm without first applying for a wetlands permit from their town, and town officials came down on plaintiffs with cease-and-desist orders. Plaintiffs eventually decided to file this federal court lawsuit, contending that the town has violated their constitutional right to farm the land.

The principal question now before me is whether plaintiffs waited too long to come to federal court. The statute of limitations is three years, but plaintiffs waited much longer than that since they were first subject to the town's enforcement orders. According to plaintiffs, they could wait as long as they wanted. They claim that the statute of limitations has not expired, because they continue to be subject to the ongoing effects of the town's enforcement orders that prevent them every day until now from using their farm pond as they wish. I don't agree. I conclude that plaintiffs were aware of their injury more than three years before they filed this lawsuit and that their claims are therefore time-barred by the statute of limitations. Accordingly, I will grant the motion to dismiss this case.

Plaintiffs own a family farm in Wallingford, Connecticut. They have sued three defendants: the Town of Wallingford (the "Town"), the Town's Inland Wetlands and Watercourses Commission (the "Commission"), and Erin O'Hare who is the Town's environmental planner. I assume the following allegations to be true as set forth in the complaint, and I also take judicial notice of prior state court judicial proceedings between the parties.

In July 2009 plaintiffs constructed a pond on their farm. Plaintiffs thought that they were entitled as of right to build this pond under Conn. Gen. Stat. § 22a-40(a), which allows the construction of a farm pond as a matter of legal right if the farm pond is "essential to the farming operation." But in August 2009, the Commission issued a cease-and-desist order, and the Commission required plaintiffs to submit an application and to seek permission of the Commission to build a pond. By December 2009 and January 2010, defendants further determined that plaintiffs' farm was not essential to their farming operation and that plaintiffs must remediate the pond to restore the land to its previous condition.

Plaintiffs did not do so, and soon enough the Commission issued another cease-and-desist order in July 2010 directing plaintiffs to stop using their pond. The Commission thereafter commenced a state court action in which—according to plaintiffs—defendants knowingly mischaracterized plaintiffs' farm operation in order to enforce their regulatory scheme and to deprive plaintiffs of their State-created property interest to construct a farm pond.

Defendants ultimately prevailed in the state court action, and the state court entered a permanent injunction in January 2012 to require plaintiffs to remove the pond and remediate their land. *See Inland Wetlands v. Lynn Cooke Andrews, et al.*, No. CV-10-5033404-S (Conn. Super. Ct. January 23, 2012). The trial court's decision was affirmed on appeal in November

2012. *See Inland Wetlands and Watercourses Com'n of Town of Wallingford v. Andrews*, 139 Conn. App. 359 (Conn. App. 2012) (*per curiam*). The Connecticut Appellate Court concluded in part that plaintiffs were foreclosed from challenging the validity of defendants' enforcement orders because they had failed to lodge a timely appeal from those orders: "The proper way to vindicate a legal position is not to disobey the orders, but rather to challenge them on appeal." *Id.* at 364.

More than three years went by before plaintiffs filed this federal court action in July 2016. Plaintiffs allege pursuant to 42 U.S.C. § 1983 that "[t]he Defendants' regulations and their implementation of them through the above described actions violated the Plaintiffs' clearly established, statutory, as-of-right use of their land and/or their Constitutional right to pursue their farming occupation, rights, entitlements and/or interests of which any reasonable person should have been aware." Doc. #1-2 at 5–6 (¶ 20). They further claim that "[a]s a result of the Defendants' enforcement of the unlawful regulation the Plaintiffs have and continue to suffer irreparable harm, including the loss of the ability to grow crops, the inability to adequately feed and/or water livestock, the loss of income, the loss of real property value, legal expenses, remediation expenses, the costs of re-implementation, the inability to operate the farm and the loss of their chosen occupation as farmers." *Id.* at 6 (¶ 21); *see also id.* at 7-8 (¶¶ 26–28) (describing nature of constitutional legal claims in similar manner).

Defendants have moved pursuant to Fed. R. Civ. P. 12(c) for judgment on the pleadings. Among other arguments, defendants contend the complaint is barred by the statute of limitations.

## DISCUSSION

When evaluating a defendant's motion for judgment on the pleadings pursuant to Fed. R. Civ. P. 12(c), a court must accept all allegations of the complaint as true and draw all reasonable

inferences in favor of the plaintiff in light of what is alleged in the complaint. *See, e.g.*, *Bank of New York v. First Millennium, Inc.*, 607 F.3d 905, 922 (2d Cir. 2010). Still, a court may dismiss a complaint if there are no plausible grounds from the face of the complaint to conclude that the complaint has been timely filed. *See, e.g.*, *Ellul v. Congregation of Christian Bros.,* 774 F.3d 791, 798 n.12 (2d Cir. 2014).

It is well established that a § 1983 action for a violation of the Constitution that is filed in a federal court in Connecticut is subject to a three-year statute of limitations. *See, e.g.*, *Walker v. Jastremski*, 430 F.3d 560, 562 (2d Cir. 2005). Because plaintiffs filed their lawsuit on July 22, 2016, I must consider whether plaintiffs' claims accrued more than three years prior to July 22, 2016—that is, at any time prior to July 22, 2013.

For § 1983 actions, federal law "establishes as the time of accrual that point in time when the plaintiff knows or has reason to know of the injury which is the basis of his action." *Singleton v. City of New York*, 632 F.2d 185, 191 (2d Cir.1980) (citation and internal quotation marks omitted). Thus, as the Second Circuit has explained, "[t]he crucial time for accrual purposes is when the plaintiff becomes aware that he is suffering from a wrong for which damages may be recovered in a civil action." *Id.* at 192.

To similar effect, the Supreme Court has more recently noted "the standard rule that accrual occurs when the plaintiff has a complete and present cause of action, that is, when the plaintiff can file suit and obtain relief." *Wallace v. Kato*, 549 U.S. 384, 388 (2007) (internal citations, quotations, and bracket marks omitted). Thus, a "'tort cause of action accrues, and the statute of limitations commences to run, when the wrongful act or omission results in damages,'" and "'[t]he cause of action accrues even though the full extent of the injury is not then known or

predictable.'" *Id.* at 391 (quoting 1 C. Corman, Limitation of Actions § 7.4.1, pp. 526–527 (1991)); *see also Smith v. Campbell*, 782 F.3d 93, 100 (2d Cir. 2015) (same).

In light of these principles, there can be no doubt that plaintiffs' cause of action accrued long before July 22, 2013. Plaintiffs were first aware of their injury as of August 2009 when the Commission issued its initial cease-and-desist order and then again with the Commission's subsequent orders of December 2009 and January and July 2010. They were doubtlessly aware of their injury when they litigated with the Town through the state court system, ultimately losing their case on appeal in November 2012. I need not decide on which of these dates plaintiffs' cause of action accrued (but probably the earliest of them), because all of these dates occurred long prior to the cut-off date of July 22, 2013, for the statute of limitations in this case.

Plaintiffs contend that their action is timely under the so-called "continuing violation" doctrine. I do not agree. As the Second Circuit has explained at length, the "continuing violation" doctrine provides an exception to the normal "knew-or-should-have-known" rule for when a cause of action accrues. *See Gonzalez v. Hasty*, 802 F.3d 212, 220 (2d Cir. 2015). But the doctrine "applies to claims composed of a series of separate acts that collectively constitute one unlawful practice," applying "to claims that by their nature accrue only after the plaintiff has been subjected to some threshold amount of mistreatment." *Ibid.* Accordingly, "where the continuing violation doctrine applies, the limitations period begins to run when the defendant has engaged in enough activity to make out an actionable … claim," and "[a] claim will be timely . . . only if the plaintiff alleges … some non-time-barred acts contributing to the violation." *Ibid.*

Thus, for example, claims for a hostile work environment or for deliberate indifference to a prisoner's serious medical needs are the types of claims that are most susceptible to the "continuing violation" rule. *Id.* at 220–21. Both these kinds of claims often—but not always—

rely on an aggregation or accumulation of adverse actions (or omissions), none of which individually would give rise to a harm sufficient to support a cause of action.

The "continuing violation" rule does not apply merely because a plaintiff experiences continuing harm from a defendant's otherwise discrete time-barred act. Thus, for example, if a prison guard retaliates against a prisoner's free speech by throwing him into a punitive segregated housing unit, the statute of limitations accrues on the date of the guard's initially wrongful retaliatory act, and the accrual date is not suspended for the duration of the prisoner's wrongful incarceration despite the fact that the prisoner doubtlessly experiences continuing harm from the initially wrongful act. *See id.* at 222 (rejecting application of "continuing violation" rule in this context and explaining that the "mere fact that the effects of retaliation are continuing does not make the retaliatory act itself a continuing one").

Here it is clear to me that the "continuing violation" doctrine does not apply to plaintiffs' claims. Plaintiffs do not argue that defendants' actions accumulated over time to the point that only after July 2013 did their actions become unlawfully injurious. Defendants issued a cease-and-desist letter to plaintiffs in 2009, ordered plaintiffs to remediate their land in 2010, and obtained an injunction in state court against plaintiffs in 2012. Each of these were discrete actions that would give plaintiffs reason to know many times over of their alleged injury—the defendants' application of local regulations to prevent plaintiffs from creating or using their pond. Plaintiffs do not contend that these actions became unlawful only after they accumulated to a certain point.

Plaintiffs rely on *Harris v. City of New York*, 186 F.3d 243 (2d Cir. 1999), a case involving a plaintiff who alleged that his employer unlawfully discriminated against him when it failed to consider him for promotion. *Id.* at 248. The statute of limitations was at issue because

the employer defendant argued that the plaintiff should have known he had been passed over for promotion on a date outside the limitations period. *Ibid.* The court of appeals noted that "a continuing violation cannot be established merely because the claimant continues to feel the effects of a time-barred . . . act." *Id.* at 250. The court, however, declined to conclude that the plaintiff's action was time-barred, because the plaintiff had not alleged a particular date on which his employer had failed to promote him, and it was possible that the employer's failure to promote the plaintiff was in fact a continuous failure to act, rather than a discrete decision that was made at one earlier time. *Ibid.*

The *Harris* decision does not help plaintiffs here, because they cannot point to any discrete act by defendants that took place within three years of their filing of this lawsuit. No such acts are alleged in the complaint. And any such acts to enforce prior orders that plaintiffs continue to disobey would wholly stem from prior time-barred acts and would not furnish grounds for plaintiffs to seek the relief that they now claim in this Court.

More to the point is the Second Circuit's decision in *Lee v. Town Bd. of Town of Ellicott, New York*, 151 Fed. App'x 18, 19 (2d Cir. 2005), which involved a court challenge that was brought in 2002 to a permanent injunction that a town had obtained in 1995 in an action to enforce a zoning provision. *See ibid.* The town had also filed a motion for contempt in 2001 to enforce the 1995 injunction. The Second Circuit held that the "continuing violation" rule did not apply—that the statute of limitations properly ran from the date (1995) that the land-use injunction issued, rather than the later date (2001) when the town moved for contempt in light of the plaintiffs' failure to comply with the injunction. *Id.* at 19–20 (citing *Washington v. County of Rockland*, 373 F.3d 310, 318 (2d Cir. 2004)).

If plaintiffs' theory were correct about how the "continuing violation" rule should apply in this case, the theory would render the statute of limitations as practically meaningless for a multitude of court challenges to governmental enforcement orders. Any governmental enforcement order would be perpetually vulnerable to challenge by those who slept on their rights to pursue a timely court challenge promptly after the law was first enforced against them.

"[S]tatutes of limitations reflect that, at a certain point, the need for finality is paramount even in light of countervailing equity considerations." *In re Bernard L. Madoff Inv. Securities LLC*, 773 F.3d 411, 423 (2d Cir. 2014). The need for finality is particularly strong where, as here, defendants have previously expended significant resources years ago against plaintiffs' prior challenges.

The facts of this case distinguish it from cases involving belated challenges to statutes or administrative regulations. Considerable precedent suggests that the statute of limitations for a challenge to a statute or regulation does not ordinarily accrue from the date that the statute is enacted. *See, e.g.*, *Scheer v. Kelly*, 817 F.3d 1183, 1186–88 (9th Cir. 2016) (discussing examples); *Kuhnle Brothers, Inc. v. County of Geauga*, 103 F.3d 516, 521 (6th Cir. 1997) ("[a] law that works an ongoing violation of constitutional rights does not become immunized from legal challenge for all time merely because no one challenges it within two years of its enactment"); *see also Wallace v. New York*, 40 F. Supp. 3d 278, 302 (E.D.N.Y. 2014) ("the clock on any challenge to the constitutionality of a statute, whose continued application works an ongoing constitutional violation, starts to run anew, every day that the statute applies.").

This rule for a challenge to a statute or regulation makes sense because a statute or regulation by definition establishes a rule of general application, one that is merely capable of enforcement in the particular. A governmental or administrative enforcement order, by contrast,

represents a specific application and enforcement of a statute or regulation against a particular person. The enforcement action causes an "injury" to persons like plaintiffs in this case. And their time for a court challenge has long since passed.

## CONCLUSION

Defendants' motion for judgment on the pleadings (Doc. #28) is GRANTED. Plaintiffs' motions for a preliminary injunction (Doc. #3) and for a waiver of security bond (Doc. #4) are DENIED as moot. The Clerk of Court shall close this case.

It is so ordered.

Dated at New Haven, Connecticut, this 21st day of August 2017.

*/s/ Jeffrey Alker Meyer*
Jeffrey Alker Meyer
United States District Judge